

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARK VINCENT HOLTON, | § | No. 08-13-00220-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | Criminal District Court No. 4 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC# 1260552D) |
| | § | |

**O P I N I O N**

Appellant Mark Vincent Holton was convicted of one count of continuous sexual abuse of a young child, three counts of aggravated sexual assault of a child under 14 years of age, two counts of indecency with a child under 17 years of age,[1] and five counts of sexual assault of a child under 17 years of age, all involving the same victim. On appeal, Appellant contends the trial court erred in refusing to quash the continuous sexual abuse count in the indictment. He asserts the continuous sexual abuse statute is unconstitutional because it allows a jury to reach a non-unanimous verdict, and asserts the indictment failed to provide sufficient notice of the charges against him. Appellant also contends the trial court violated his right to be free from double jeopardy and the statutory prohibition against multiple punishments, by allowing the jury to

---

[1] One of these counts, Count Five, involved conduct that occurred before the victim turned 14 years of age.

convict him of both the continuous sexual abuse count and the four other counts involving conduct that occurred before the victim turned 14 years of age. We reject Appellant's contentions and affirm the conviction.[2]

**FACTUAL BACKGROUND**

In April 2008, when the victim was eleven years old, Appellant moved into the victim's home, where the victim resided with her mother and younger sister. Sometime during the 2008-2009 school year, when the victim was in the sixth grade, Appellant began hugging, kissing, and touching the victim in an inappropriate manner on her breasts, buttocks, and "female sexual organ."

At the behest of a friend, the victim reported Appellant's conduct to her mother in January 2009, writing a note that accused Appellant of touching her breasts and vagina. The victim's mother met with the victim and Appellant to discuss the matter, but ultimately did not report the allegation to the police. Appellant and the victim's mother instructed the victim not to say anything about Appellant's conduct, warning that if she did, she and her younger sister would be sent to foster care and separated from each other. At this same time, Appellant sought to convince the victim's mother that her ex-husband, rather than Appellant, had committed the acts of sexual abuse. Appellant married the victim's mother a few months later.

Apparently emboldened by the mother's failure to report the matter to police, Appellant's conduct escalated, and he began touching the victim with his penis, began placing his fingers both outside and inside her vagina, and began putting his mouth on her vagina. The victim testified these acts took place on "many occasions," particularly during the month of January 2011.

---

[2] This case was transferred from our sister court in Fort Worth, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

Beginning in June 2011, after the victim had turned 14 years of age, Appellant began having sexual intercourse with her. The victim testified this occurred virtually every day during the summer of 2011, and would often occur more than once a day. According to the victim, Appellant continued to have sexual intercourse with her through October 2011. The victim did not report Appellant's continuing abuse to her mother due to her mother's response to her prior report of Appellant's acts of abuse.

Appellant's wrongdoing came to light in November 2011, when he and the victim went to a nearby mall together. A mall security guard, Justin Hernandez, spotted Appellant and the victim in Appellant's vehicle before they entered the mall, and noticed that the victim's hands were "where they shouldn't [be.]" After observing that Appellant appeared to be much older than the victim,[3] Hernandez tracked the two of them by camera, and noticed that when they left the mall and were walking toward Appellant's vehicle, Appellant's conduct became more "aggressive" and more of a "sexual nature[.]" In particular, Hernandez noted that Appellant's hands were inside the victim's shirt as the two walked through the parking lot. The victim testified that Appellant grabbed her as they were leaving the mall, putting his arm around her waist, and putting his hands up her shirt and in her pants. The victim further testified that while they were inside Appellant's vehicle, Appellant began kissing her and touching her breast.

Hernandez contacted the Hurst Police Department, and sent another mall security guard to inform Appellant that the police would be arriving soon to question him about his conduct. Appellant immediately drove away, and warned the victim to keep "quiet" about the incident. Hernandez was able to obtain the vehicle's license plate, however, and conveyed that information to the police. Hernandez also gave the police a video he had recorded on the mall's security

---

[3] Appellant was 48 years old at time of this incident.

camera reflecting Appellant's conduct with the victim.

After tracing the vehicle's license plate to Appellant's home, both a CPS and a police investigation ensued. The victim disclosed to a CPS investigator and to a sexual-assault nurse examiner that she had been abused by Appellant on numerous occasions, beginning with inappropriate touching when she was in sixth grade, and culminating in sexual intercourse that continued through October 2011.

Appellant was arrested and subsequently indicted on one count of continuous sexual abuse of a young child, occurring from February 17, 2009 through January 1, 2011; three counts of aggravated sexual assault of a child under the age of 14, occurring on January 30, 2011; two counts of indecency with a child under the age of 17, occurring on February 17, 2009 and February 17, 2011; and five counts of sexual assault of a child under the age of 17, occurring on February 17, 2011, June 15, 2011, and September 1, 2011.

Appellant acknowledged at trial that he had engaged in inappropriate conduct at the mall, admitting that he had no excuse for his behavior that day. Appellant claimed, however, that this was a one-time incident and denied touching the victim inappropriately on any other occasion.

The jury convicted Appellant of all eleven counts in the indictment, and assessed a 75-year prison term for the continuous sexual abuse count, 25 years each for the aggravated sexual assault counts, and 20 years each on the remaining counts in the indictment. The trial court sentenced Appellant in accordance with the jury's verdict, and allowed the sentences to run concurrently.

**The Jury Unanimity Requirement**

*Background*

Count One of the indictment charged Appellant with continuous sexual abuse of a young

4

child for committing two or more acts of sexual abuse, during a period of time 30 days or more, from on or about February 17, 2009 through January 1, 2011.

Prior to trial, Appellant filed two motions to quash Count One of the indictment, claiming that the continuous sexual abuse statute was unconstitutional because it allows a defendant to be charged and convicted of multiple acts of sexual abuse, but does not require the jury members to unanimously agree upon which of the multiple alleged acts of sexual abuse the defendant committed. Appellant pointed out that he in particular was charged with multiple acts of sexual abuse in Count One of the indictment,[4] and that his constitutional right to a unanimous verdict would be violated if the jury were allowed to consider that charge without being required to agree upon which of those acts he committed. The trial court denied both motions to quash. The jury was allowed to consider the continuous sexual abuse charge without being required to agree upon the particular acts of sexual abuse Appellant committed; instead the jury was instructed that it was only required to agree that Appellant committed two or more acts of sexual abuse, as set forth in the indictment, beginning on or about February 17, 2009 through January 1, 2011. Appellant appears to raise this same issue on appeal.[5]

### Standard of Review

We review the constitutionality of a statute de novo. *Esparza v. State,* 282 S.W.3d 913, 921 (Tex.Crim.App. 2009). There is a strong presumption supporting the constitutionality of a

---

[4] The alleged acts of sexual abuse were (i) aggravated sexual assault of a child under 14 by causing the mouth of the victim to contact the penis of the defendant and/or by causing the mouth of the defendant to contact the female sexual organ of the victim and/or by causing the penetration of the female sexual organ of the victim by inserting his finger into her female sexual organ, and (ii) indecency with a child by causing the victim to touch the genitals of the defendant and/or by touching the genitals of the victim.

[5] Appellant's brief is not a model of clarity. Appellant purports to raise three separate points of error, but throughout his brief, Appellant blends the various issues involving jury unanimity, the lack of notice in the indictment, and double jeopardy considerations. For purpose of clarity, we review each of these issues separately.

statute, and in the absence of evidence to the contrary, we have a duty to construe a statute in a way that renders it constitutional. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002).

*Analysis: The Constitutionality of the Continuous Sexual Abuse Statute*

Section 21.02 of the Texas Penal Code provides that a person commits an offense of continuous sexual abuse of a young child if during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, and the actor is 17 years or age or older and the victim is a child younger than 14 years of age. TEX.PENAL CODE ANN. § 21.02(b) (West Supp. 2014). Subsection (c) defines an "act of sexual abuse" as any act in violation of certain penal laws, including sexual assault under Section 22.011 of the Penal Code, aggravated sexual assault under Section 22.021 of the Penal Code, and indecency with a child "other than by touching … the breast of a child," under Section 21.11(a)(1) of the Penal Code. *Id.* at § 21.02(c).

Subsection (d) expressly provides that the members of a jury "are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." Instead, the statute only requires the jury members to agree "unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* at § 21.02(d). At issue is whether this provision violates a defendant's constitutional right to a unanimous verdict. For the reasons set forth below, we conclude that the statute does not violate the jury unanimity requirement.

Appellant correctly points out that "[u]nder our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex.Crim.App. 2005); *Pollock v. State,* 405 S.W.3d 396, 404 (Tex.App. – Fort Worth 2013, no pet.). In order to satisfy the jury unanimity requirement, every

6

juror must agree that "the defendant committed the same, single, specific criminal act." *Pollock*, 405 S.W.3d at 404 (citing *Ngo*, 175 S.W.3d at 745).

However, this does not mean that the jury must unanimously agree that the defendant committed the crime in "one specific way." *Id.* (citing *Landrian v. State*, 268 S.W.3d 532, 535 (Tex.Crim.App. 2008)). It is well-settled that a jury is only required to unanimously agree on each "element" of the offense, and is not required to agree on the "manner and means" by which the defendant committed the offense. *See, e.g.*, *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex.Crim.App. 2006). In order to guarantee unanimity, "the jury must be unanimous in finding every constituent element of the charged offense in all criminal cases"; however, the "unanimity requirement is not violated by instructing the jury on alternate theories of committing the same offense, in contrast to instructing the jury on two separate offenses involving separate incidents." *Saenz v. State,* 451 S.W.3d 388, 390 (Tex.Crim. App. 2014) (citing *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex.Crim.App. 2014) and *Martinez v. State*, 129 S.W.3d 101, 103 (Tex.Crim.App. 2004)).

Therefore, the key question in this case is whether the specific acts of sexual abuse enumerated in the continuous sexual abuse statute are true *elements* of the offense, or whether they are merely the *manner and means* by which one of the elements is accomplished. If they are elements, then jury unanimity is required; if they are manner and means, then jury unanimity is not required. *Casey v. State,* 349 S.W.3d 825, 828 (Tex.App. – El Paso 2011, pet. ref'd).

All the Texas courts that have directly considered this issue, including this Court and the Fort Worth Court of Appeals, have concluded that the acts of sexual abuse listed in the statute are not elements of the offense; instead, the element of the offense upon which jury unanimity is required is the "commission of two or more acts of sexual abuse over a specified time period – that

7

is, the pattern of behavior or the series of acts[.]" *Pollock,* 405 S.W.3d at 405; *see Casey,* 349 S.W.3d at 829; *see also Henry v. State,* No. 08-11-00221-CR, 2013 WL 173329, at *2 (Tex.App. – El Paso Jan. 16, 2013, pet. ref'd) (not designated for publication) (the continuous sexual abuse statute criminalizes the series of acts, rather than the acts themselves, thereby rendering the series the key element of the offense upon which jury unanimity is required); *McMillian v. State*, 388 S.W.3d 866, 872 (Tex.App. – Houston [14th Dist.] 2012, no pet.) (citing numerous cases concluding that the series of acts is the key element of the offense upon which jury unanimity is required). The "series" itself is the key "element" of the offense upon which jury unanimity is required; the individual acts of sexual abuse enumerated in the statute are simply the "manner and means" by which the series is committed. Accordingly, while the jury must unanimously agree that the "series" of acts was committed within the specified time frame, the jury is not required to unanimously agree on which specific acts the defendant committed. *See Jacobsen v. State,* 325 S.W.3d 733, 737 (Tex.App. – Austin 2010, no pet.); *see also Pollock,* 405 S.W.3d at 405; *Casey,* 349 S.W.3d at 829.

In light of the legislative intent to make the "series" of acts the key element of the offense on which jury unanimity is required, the court in *Pollock* noted that every Texas court that has considered the issue has upheld the constitutionality of the continuous sexual abuse statute against similar attacks. *Pollock,* 405 S.W.3d at 405; *see also Macintosh v. State*, No. 02-13-00059-CR, 2014 WL 1087926, at *2 (Tex.App. – Fort Worth March 20, 2014, pet. ref'd) (mem. op., not designated for publication) ("conforming to the legislative intent" of the continuous sexual abuse statute, Texas courts have all concluded that the continuous sexual abuse statute does not violate a defendant's constitutional right to jury unanimity); *Serrano v. State*, No. 11-13-00051-CR, 2015

8

WL 1322861, at *2 (Tex.App. – Eastland March 12, 2015, no pet.) (mem. op., not designated for publication) (chronicling cases that have upheld the constitutionality of the statute).

Although the Texas Court of Criminal Appeals has not directly spoken on the constitutionality of the continuous sexual abuse statute, the Court has had occasion to discuss the legislative intent behind the statute, affirming the view that it is the series of acts that constitute the key element of the offense upon which jury unanimity is required, rather than the predicate acts of sexual abuse enumerated in the statute. *Price v. State*, 434 S.W.3d 601, 607 (Tex.Crim.App. 2014). In *Price*, the Court explained that the continuous sexual abuse statute was enacted to address the inherent evidentiary problems posed in ongoing child molestation cases in which a young victim may not be able to recall or describe particular incidents of child abuse with any specificity.[6] The Legislature's intent was to render the defendant's continuous abusive conduct itself the key element of the offense for jury unanimity purposes: "The statutory language reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single

---

[6] The Court in *Price* noted that prior to the enactment of the statute, Judge Cochran spoke on this problem in her concurring opinion in *Dixon v. State*, 201 S.W.3d 731, 737 (Tex. Crim. App. 2006), in which she pointed out that it is often difficult for a jury to agree on which specific acts of sexual abuse a defendant committed when presented with a young child's testimony describing multiple acts of abuse occurring over a long period of time. *Price*, 434 S.W.3d at 607-08. In particular, Judge Cochran described the following common factual scenario to illustrate this problem:

> [A] young child is repeatedly molested by an authority figure – usually a step-parent, grandparent, uncle or caregiver; there is (or is not) medical evidence of sexual contact; and the child is too young to be able to differentiate one instance of sexual exposure, contact, or penetration from another or have an understanding of arithmetic sufficient to accurately indicate the number of offenses. As in this case, "he did it 100 times." The real gravamen of this criminal behavior is the existence of a sexually abusive relationship with a young child ... marked by continuous and numerous acts of sexual abuse of the same or different varieties.

*Dixon*, 201 S.W.3d at 736-37. Judge Cochran noted that in such cases, it is difficult to balance a "defendant's rights to a specific verdict for one specific criminal act" with the fact that "the criminal conduct at issue is not really one specific act at one specific moment." *Id.* at 737. Judge Cochran therefore suggested that the Texas Legislature should consider enacting a "new penal statute that focuses upon a continuing course of conduct crime-a sexually abusive relationship that is marked by a pattern or course of conduct of various sexual acts." *Id.*

complainant, even if the jury lacks unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agree that at least two acts occurred during a period that is thirty or more days in duration." *Id*. at 605-06.

The United States Supreme Court also touched on the issue of jury unanimity in continuous sexual abuse cases in *Richardson v. United States*, 526 U.S. 813, 816, 119 S.Ct. 1707, 1709, 143 L.Ed.2d 985 (1999). In considering the jury unanimity requirements of a different statute, the Court, by analogy, discussed the jury unanimity issues that have arisen in the context of continuous sexual abuse statutes adopted by various state legislatures. The Court noted that continuous sexual abuse statutes typically allow "jury disagreement about a 'specific' underlying criminal 'incident' insisting only upon proof of a 'continuous course of conduct' in violation of the law." 526 U.S. at 821, 119 S.Ct. at 1712. The Court observed that in doing so, the States were likely responding to the special difficulties inherent in proving the individual criminal acts in such cases, and that the special subject matter of such cases indicates that they represent an exception to the general rule requiring a jury to unanimously agree on the particular acts of wrongdoing committed by a defendant. *Id.* at 821-23, 119 S.Ct. at 1712-13.

Our reading of both *Price* and *Richardson* confirms our previously-held opinion that in continuous sexual abuse cases, a defendant's constitutional right to a unanimous jury verdict is fulfilled by requiring the jury to agree on the key element of the offense, *i.e.,* that the defendant committed a "series" of acts within a certain period of time, and that jury unanimity is not required regarding which of the particular acts of sexual abuse the defendant committed. Because the jury in Appellant's case was properly instructed on this point, we reject Appellant's argument that he was deprived of his constitutional right to a unanimous verdict, and we once again uphold the

10

constitutionality of the continuous sexual abuse statute in this context.

## The Sufficiency of the Indictment

### *Background*

Appellant also alleged in his motion to quash that Count One in the indictment did not give him sufficient notice of the "manner and means" by which he had allegedly committed the offense of continuous sexual abuse of a child, and also failed to give him adequate notice of the "date range" during which the alleged acts of sexual abuse occurred.   Appellant claimed that Count One was too vague and indefinite to allow him to adequately prepare his defense to the charge.   The trial court denied the motion to quash, and Appellant now contends that the trial court's ruling was in error.

### *Standard of Review*

The standard of review of a trial court's ruling on a motion to quash turns on which judicial actor is in the best position to determine the issue in controversy.  *See Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App. 1997).   Questions of law – such as the sufficiency of an indictment – are reviewed de novo because neither the trial court nor the reviewing court occupies an appreciably better position than the other to decide the issue; on the other hand, rulings that turn on evaluations of witness credibility and demeanor are reviewed for an abuse of discretion because the appellate court – deciding the issue from a cold record—is in an appreciably weaker position than the trial court.  *See State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App. 2004); *Guzman,* 955 S.W.2d at 89; *Ahmad v. State,* 295 S.W.3d 731, 739 (Tex.App. – Fort Worth 2009, pet. ref'd) (op. on reh'g); *see also Pollock,* 405 S.W.3d at 403 (the sufficiency of an indictment is a question of law to be reviewed de novo).

In the present case, Appellant is challenging the legal sufficiency of the indictment and raised no issues that required the trial court to evaluate the credibility of witnesses. We therefore review Appellant's challenges to the indictment de novo.

*Analysis: Whether the Indictment Provided Appellant with Sufficient Notice*

Appellant's brief is unclear on this point, but Appellant cites *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the general proposition that due process of law requires an indictment to be sufficiently specific enough to give the defendant the ability to adequately prepare his defense. We agree with Appellant that an "accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions" under both the United States and Texas Constitutions. *Pollock*, 405 S.W.3d at 403 (citing *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App. 2004)). Therefore, an indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may adequately prepare his defense. *Id.* (citing *Smith v. State,* 297 S.W.3d 260, 267 (Tex.Crim.App. 2009)).

It is well-established, however, that a charging instrument that "tracks the language of a criminal statute" will typically be considered to have sufficient specificity to provide a defendant with notice of a charged offense. *Id.* (citing *State v. Edmond,* 933 S.W.2d 120, 128 (Tex.Crim. App. 1996)). When determining whether an indictment properly tracks the language of a statute, the Court should consider whether the statute defines the manner or means of committing the offense in several alternative ways; if so, the indictment must identify which of the statutory means it addresses. *Id.*

As the continuous sexual abuse statute sets forth various alternative means by which a defendant may commit a violation, various Texas courts have concluded that an indictment must

12

give the defendant notice of the means by which he is alleged to have committed the offense, *i.e.*, it must describe the underlying acts of sexual abuse that are being used as predicate acts. *Id.* at 404-05 (defendant was given sufficient notice of the charge against him where the indictment tracked the language of the continuous sexual abuse statute, providing him with notice of the specific means by which he committed the offense); *see also Schrecengost v. State,* No. 02-12-00060-CR, 2013 WL 627010, at *3 (Tex.App. – Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication) (defendant was given sufficient notice of the charge against him where the indictment tracked the language of the continuous sexual abuse of a child statute, and the State provided the defendant with notice in pretrial filings of the specific means by which the defendant allegedly committed the offense).

While the State must also provide the defendant with notice of the time period in which the continuous sexual abuse is alleged to have occurred, *i.e.*, the 30-day minimum time period as set forth in the statute, it is not necessary for the State to allege the exact dates on which the predicate acts of sexual abuse occurred, as those dates are not essential to the State's case, and are considered to be evidentiary facts only. *See, e.g., State v. Espinoza*, No. 05-09-01260-CR, 2010 WL 2598982, at *9 (Tex.App. – Dallas June 30, 2010, pet. ref'd) (not designated for publication) (indictment alleging continuous sexual abuse of a child need not provide specific dates on which the predicate acts of sexual abuse occurred); *Davis v. State*, No. 10-12-00025-CR, 2012 WL 6674429, at *2 (Tex.App. – Waco Dec. 20, 2012, pet. ref'd) (mem. op., not designated for publication) (State was not required to provide the defendant with the "specific number and dates" of the underlying acts of sexual abuse in indictment charging continuous sexual abuse of a child); *Garcia v. State,* No. 05-10-00291-CR, 2011 WL 3199447, at *8 (Tex.App. – Dallas July 28, 2011,

13

pet. ref'd) (not designated for publication) (rejecting defendant's argument that the State was required to allege the particular dates on which the defendant's acts of sexual abuse took place); *see also Sanchez-Hernandez v. State,* No. 07-11-0474-CR, 2013 WL 1460511, at \*2 (Tex.App. – Amarillo April 9, 2013, no pet.) (mem. op., not designated for publication) (in prosecutions for continuous sexual abuse of a child, the State is not required to prove the exact dates on which the underlying acts of sexual abuse occurred; only that the acts occurred within a specified time period of 30 days or more).

In addition, numerous courts have also concluded that the State is not required to specify an exact date on which the continuous sexual abuse began, and the State may therefore allege that the conduct began on or about a particular date, lasting through the 30-day minimum period of time set forth in the statute. *Pollock*, 405 S.W.3d at 404 (State's allegation that the continuous sexual abuse began on or about a certain date was sufficient to allow the defendant to prepare his defense); *Garcia,* 2011 WL 3199447, at \*8 (indictment alleging that continuous sexual abuse began "on or about" a certain date was sufficient to give the defendant notice of the charge against him).

In the present case, Count One in the indictment properly tracked the language in the continuous sexual abuse statute and described the various predicate acts of sexual abuse that Appellant was alleged to have committed during the period of time from "on or about" February 17, 2009 through January 1, 2011.[7]  Accordingly, we conclude that the indictment provided

---

[7] Count One of the indictment stated:   "MARK VINCENT HOLTON, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 17th day of February 2009, did through the 1st day of January, 2011, did intentionally or knowingly, during a period of time that is 30 days or more in duration, commit two or more acts of sexual abuse, to wit:   aggravated sexual assault of a child under 14 by causing the mouth of [the victim] to contact the penis of the defendant and/or by causing the mouth of the defendant to contact the female sexual organ of [the victim] and/or by causing the penetration of the female sexual organ of [the victim] by inserting his finger into her female sexual organ, and/or indecency with a child by causing [the victim] to touch the genitals of the defendant and/or by

Appellant with sufficient notice from which to prepare his defense to this charge.

## The Prohibition Against Multiple Punishments

### *Background*

Prior to trial, Appellant moved to strike Count One of the indictment contending that it was "multiplicitous" of Counts Two through Four, and exposed him to double jeopardy or "multiple punishments" in violation of both the Texas and United States Constitutions. Appellant acknowledged in his motion that the acts of aggravated sexual assault set forth in Counts Two through Four in the indictment were alleged to have occurred on different dates than the acts of sexual abuse alleged in Count One; in particular, Appellant recognized that the acts in Count One accused him of continuous sexual abuse during a period from February 17, 2009 through January 1, 2011, whereas Counts Two through Four accused him of various acts of aggravated sexual assault occurring on January 30, 2011, a month after the end date of the continuous sexual abuse allegations.[8]

However, Appellant pointed out that the victim did not turn 14 years of age until after January 30, 2011. He therefore found it significant that all of the acts alleged in Count One and in Counts Two through Four occurred prior to the victim's 14th birthday. Appellant argued, without citation to authority, that the State was required to charge him in the continuous sexual abuse count with *all* acts of sexual abuse that occurred before the victim's 14th birthday. In effect, Appellant was asserting that all of the acts of sexual abuse he committed before the victim turned 14 years of

touching the genitals of [the victim] and at the time of the commission of each of these acts of sexual abuse the defendant was 17 years of age or older and [the victim] was younger than 14 years of age[.]"

[8] Counts Two to Four alleged that on January 30, 2011: (1) Appellant inserted his finger into the victim's female sexual organ; (2) Appellant caused his penis to contact the victim's mouth; and (3) Appellant caused the victim's sexual organ to contact his mouth. Count One alleged that Appellant committed the same type of acts of sexual abuse, as the predicate acts of continuous sexual abuse, but alleged that these acts occurred from February 17, 2009 through January 1, 2011.

age constituted "one course of continuous conduct," and that the State was therefore only entitled to charge him with one crime, *i.e.*, continuous sexual abuse of a child, during that time period.

Appellant argued that the State's "arbitrary" decision to select an end date of January 1, 2011, for the continuous sexual abuse count, which was before the victim's 14th birthday, improperly allowed the State to also charge him with the additional counts of aggravated sexual assault of a child under the age of 14, thereby exposing him to "multiple punishments" for the same conduct, which he believed violated his right to be free from double jeopardy. In addition to his double jeopardy argument, Appellant also pointed out that the continuous sexual abuse statute itself "does not contemplate multiple punishments" for the same conduct occurring within the same time period the continuous sexual abuse offense was committed, and therefore the State violated this statutory provision as well.

The trial court denied Appellant's motion to strike the indictment during a pretrial hearing. Appellant's counsel later raised this issue again after the close of evidence when he asked the trial court to give the jury a limiting instruction, which would have advised the jury that if it found Appellant guilty of the continuous sexual abuse charge, it could not also find him guilty of the remaining sexual assault charges. Counsel argued that without this limiting instruction, Appellant risked "being convicted on different counts for the same offense[.]" The judge once again ruled against Appellant and declined to give the limiting instruction, thereby allowing the jury to convict him of all of the offenses set forth in the indictment.

On appeal, Appellant claims that the trial court erred in allowing the jury to convict him of both the continuous sexual abuse charge, and Counts Two through Five in the Indictment.[9]

_____

[9] In the trial court, Appellant complained only that Counts Two through Four were duplicative of Count One in the indictment. On appeal, he now complains about Count Five, which charged him with "Indecency with a Child by

16

Although Appellant's brief is unclear on this point, Appellant appears to be raising three related arguments: (1) his double jeopardy rights were violated by the multiple convictions; (2) Section 21.02(e) of the Texas Penal Code does not permit convictions for both continuous sexual abuse and the "underlying offenses forming the basis for the continuous sexual abuse" offense; and (3) the remaining counts of aggravated sexual assault were lesser-included offenses of the continuous sexual assault offense, and Appellant therefore could not be properly convicted of both the "lesser included offenses that made up the greater offense."

*Double Jeopardy Standards*

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused from being punished more than once for the same offense in a single prosecution. *Gonzales v. State,* 304 S.W.3d 838, 845 (Tex.Crim.App. 2010); *see also* U.S. Const. amends. V, XIV. As the Court of Criminal Appeals has recognized: "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State,* 271 S.W.3d 273, 275–76 (Tex.Crim.App. 2008).

---

Sexual Contact on or about February 17, 2009, by touching the victim's breast." We note that although the act of "indecency" alleged in Count Five occurred within the same time frame as the acts alleged in the continuous sexual abuse charge, this could not have subjected Appellant to multiple punishments, as touching a victim's breast is not a predicate act under the continuous sexual abuse statute. To the contrary, touching a victim's breast is expressly excluded as a predicate act from the continuous sexual abuse statute by Section 21.02(c)(2) of the Penal Code. The State therefore did not and could not list this act in Count One of the Indictment. We conclude that the State was entitled to prosecute Appellant independently for that act even though it occurred within the same time frame alleged in the continuous sexual abuse charge. *See Kuhn v. State*, 393 S.W.3d 519, 543 (Tex.App. – Austin 2013, pet. ref'd); *see also Martinez v. State,* No. 10-14-00035-CR, 2014 WL 5094104, at *2 (Tex.App. – Waco Oct. 9, 2014, pet ref'd) (mem. op., not designated for publication) (the defendant's double jeopardy rights were not implicated by his conviction of both continuous sexual abuse and the offense of indecency with a child by touching the victim's breasts, as the latter offense was specifically excluded as a predicate act in the continuous sexual abuse statute).

17

*Analysis: The Continuous Sexual Abuse Statute*

The continuous sexual abuse statute provides that a defendant may not be convicted in the same criminal action involving the same victim of both continuous sexual abuse and of an offense listed as a predicate offense in the statute, unless the predicate offense "occurred outside the period in which the [continuous sexual abuse] offense alleged … was committed[.]"  TEX.PENAL CODE ANN. § 21.02(e)(2) (West Supp. 2014).

The Texas Court of Criminal Appeals had occasion to consider the import of this particular statutory provision in the double jeopardy context in *Price v. State.*  In *Price,* the defendant was convicted of continuous sexual abuse of a young child alleged to have occurred from June 1, 2009 through January 29, 2010.  The defendant was also convicted of attempted aggravated sexual assault, alleged to have occurred within this same time frame, on January 29, 2010.  The Court determined that attempted aggravated sexual assault was a lesser-included offense of the continuous sexual abuse offense, and therefore could also be considered a "predicate" offense under the continuous sexual abuse statute.

The Court noted that the language in subsection (e) of the continuous sexual abuse statute "reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time."  *Price*, 434 S.W.3d at 606.  The Court further noted that multiple convictions in this scenario not only violate the legislative intent of the statute, but also constitute a double jeopardy violation, as double jeopardy prohibits multiple punishments for:   "(1) the same primary offense twice, 'once for the basic conduct, and a second time for that same conduct plus more,' or (2) the same criminal act twice under two distinct

statutes 'when the legislature intended the conduct to be punished only once.'" *Id.* at 609 (citing

*Langs v. State*, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006)).

However, throughout its opinion, the Court made clear that the prohibition against multiple

convictions, as set forth in the statute itself, only applied to "conduct against the same child during

the same period of time." *Id.* at 606-07. The Court repeatedly emphasized that the statutory

prohibition against dual convictions did not apply to additional sexual abuse offenses occurring

"outside the period of time in which the continuous-sexual-abuse offense was committed." *Id.* at

606. In particular, the Court stated:

> Excepting the situation where different periods of time are at issue, a fact finder
> could find a defendant guilty either of continuous sexual abuse, or, alternatively, an
> enumerated act or acts of sexual abuse or a lesser offense or offenses of the
> enumerated act or acts.... We conclude that the statutory language is plain in
> providing that, when the acts alleged were committed against a single child, the
> Legislature did not intend to permit dual convictions for continuous sexual abuse
> and for an enumerated act of sexual abuse unless the latter occurred during a
> different period of time.

*Id.*

As the State points out, in the present case, the offenses enumerated in Counts Two through

Four of the Indictment occurred during a different time period than was alleged in Count One of

the Indictment. Nevertheless, as Appellant pointed out in the court below, the offenses did occur

during the same time period for which Appellant *potentially* could have been charged with

continuous sexual abuse of a child, *i.e.*, the time period before the victim turned 14 years of age.

Therefore, if Appellant is correct in his assertion that the State was required to charge him with all

acts of sexual abuse occurring before the victim turned 14 years of age, then Appellant's argument

that he could not be charged with other offenses occurring within that same time period (*i.e.*, the

time period before the victim's 14th birthday) might warrant closer scrutiny under the double

jeopardy clause. However, we decline to accept Appellant's interpretation of the statute.

*The Legislative Intent*

We agree with the State that there is nothing in the language of Section 21.02 that requires the State to charge a defendant with every act of sexual abuse committed by the defendant before the victim turns 14 years of age, when charging a defendant with continuous sexual abuse of a child. To the contrary, the statute itself provides only that the State is required to charge a defendant with committing two or more acts of sexual abuse within a minimum 30-day period. TEX.PENAL CODE ANN. § 21.02(b)(1) (West Supp. 2014). If the Legislature had intended to require the State to prosecute a defendant for all acts occurring before the victim's 14th birthday, the Legislature could have easily expressly made this a requirement; yet it failed to do so. Instead, the Leglislature required only that the State charge a defendant with committing two or more acts of sexual abuse within a minimum 30-day period. This evidences the legislative intent to give the State the discretion to select the period of time in which to charge the defendant.

We can also discern the Legislature's intent to allow the State to select the period of time in which to charge the defendant from its enactment of subsection (f), which provides that the State may not bring more than one charge of continuous sexual abuse against a defendant involving the same victim. *Id*. at § 21.02(f). If the Legislature intended to require the State to allege all acts of sexual abuse occurring before the victim's 14th birthday in one charge, then subsection (f) would be unnecessary, since it would be logically impossible for the State to bring more than one charge of continuous sexual abuse against the defendant under those circumstances. Similarly, if the Legislature had intended to require the State to allege all acts of sexual abuse occurring before a victim turned 14 in one continuous sexual abuse charge, then there would have been no need to

20

enact subsection (e) prohibiting additional convictions for sexual abuse offenses occurring within the same time period; in effect, if all predicate acts of abuse had to be included in the continuous sexual abuse charge, there would simply be no remaining independent charges to bring against the defendant. *Id*. at § 21.02(e).

Reading the statute as a whole, we conclude the Texas Legislature intended to give the State the discretion to determine the appropriate period of time in which to charge the defendant with the "continuous sexual abuse" offense, so long as the selected time period is within the minimum 30-day period set forth in the statute, and to allow the State to charge the defendant with other independent acts of sexual abuse occurring outside that time period, even if those acts occurred before the victim turned 14.[10]

Although Texas courts have apparently not directly addressed this issue, California courts have interpreted their similarly-worded continuous sexual abuse statute to reach this same conclusion. *See, e.g., People v. Cortes*, 71 Cal.App.4th 62, 83 Cal.Rptr.2d 519 (1999). Like the Texas statute, the California statute only requires the State to allege that a defendant committed multiple acts of sexual abuse within a minimum period of time, set at three months. The California statute then allows the State to allege independent acts of sexual abuse occurring outside that three-month period of time.

In *Cortes*, the defendant made a similar argument that the State had arbitrarily selected a date before the victim's 14th birthday to limit the period of continual sexual abuse alleged in his

---

[10] This legislative scheme has practical implications for the prosecution of any case involving sexual abuse of a child. In any given case, a prosecutor may believe that a young victim's memory is too vague to support a conviction for independent acts of sexual abuse occurring before a certain time period, and the State will likely charge the defendant with continuous sexual abuse during that particular period of time. However, the State may believe the victim is able to testify with certainty regarding acts occurring outside that time frame or the State may have other evidence of the defendant's wrongdoing on those occasions. Regardless whether the victim has turned 14 before that time, the statute gives the prosecutor the discretion to go forward on those additional charges, and must consequently have the discretion to curtail the time frame of the continuous sexual abuse offense in order to do so.

21

indictment, so that the State could also charge him with additional acts of abuse occurring after that time period ended, but before the victim turned 14. The defendant asserted that the State was required to charge him with all acts of sexual abuse occurring before the victim's 14th birthday in the continuous sexual abuse charge, and that the State was effectively prohibited from charging him with any other independent acts of sexual abuse occurring before the victim turned 14.

The Court in *Cortes*, however, disagreed and concluded that there was nothing in California's continuous sexual abuse statute imposing that requirement on the State; instead, it noted that the California statute only requires the State to allege that the continuous sexual abuse occurred within a minimum three-month period of time in order to prove the offense. The court opined that it would lead to "absurd" results to require the State to allege a longer period of time than was necessary to prove the offense, pointing out that doing so would prevent the State from alleging and proving other independent offenses occurring after that minimum time period for which the State believes it has sufficient evidence. As the court noted, this would, in essence, "reward" a defendant by protecting him from being prosecuted for additional assaults occurring before the victim's 14th birthday, even in cases in which the State may have adequate proof to obtain a conviction. *Id.* at 77-78. The court concluded that this would be in clear contravention of the Legislature's intent in adopting the continuous sexual abuse statute, as the statute was meant to afford more protection to child victims, rather than less. *Id.* at 79.

We agree with the reasoning in *Cortes*, and believe it would lead to absurd results if we were to interpret our continuous sexual abuse statute to require the State to allege all acts of sexual abuse occurring before a victim turned 14 in a single continuous sexual abuse count, since this would essentially "reward" a defendant by preventing him from being prosecuted for other

22

independent acts of sexual abuse for which the State may have sufficient evidence to obtain a conviction. We therefore conclude that the State has the discretion to limit the duration of a continuous sexual abuse charge to any minimum 30-day period it deems appropriate, and to charge the defendant with any independent acts of sexual abuse occurring outside that selected period of time, even if those independent acts occur before the victim turns 14.

In Appellant's case, the State properly charged him with the offense of continuous sexual abuse of a child occurring over a period of time beginning February 17, 2009, and ending on January 1, 2011, which was well within the minimum 30-day period required by statute. The State was then free to charge Appellant with any independent acts of sexual abuse occurring outside that period of time, including the acts of aggravated sexual assault that occurred on January 30, 2011, before the victim turned 14.

## CONCLUSION

We overrule all of Appellant's points of error. The trial court's judgment is affirmed.


STEVEN L. HUGHES, Justice

August 14, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Publish)

23