

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00315-CR

DANIEL GARCIA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 1385098D

----------

## MEMORANDUM OPINION[1]

----------

In four points, Appellant Daniel Garcia appeals his conviction for continuous sexual abuse of a child.  *See* Tex. Penal Code Ann. § 21.02(b) (West Supp. 2016).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Audrey,[2] who was twelve at the time of trial, did not meet her father, Appellant, until her seventh birthday in October 2009, after her mother located him on Facebook.[3] Initially, Audrey enjoyed going to Appellant's home because he had two dogs and several cats that she liked to play with. But that changed when, shortly after she met Appellant,[4] he started to touch Audrey inappropriately. Audrey testified that Appellant would touch and lick her "private areas"[5] and make her watch "inappropriate videos" while he did so. She testified that, over the next four years, Appellant rubbed his private parts on hers, put his finger in her private areas, held her down and put his private part in her private area and in the part "where [she] poop[s] from," and put his tongue in "the part where [she] poop[s] from." Appellant also tried to get Audrey to put her mouth and hands on his penis, and he masturbated in front of Audrey and ejaculated

---

[2]We use an alias to protect the victim's anonymity. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[3]Audrey's mother testified that when Audrey became curious about her father, she began looking for him, found him, and set up a meeting between the two.

[4]Audrey testified that it may have been as early as a few weeks after they met, but no longer than six months.

[5]Audrey testified that "private part" or "private area" meant her vagina or Appellant's penis.

onto her stomach. Audrey testified that it hurt and that the abuse happened every time she went to his house.[6]

Audrey testified that she "was too scared to say anything" because Appellant had told her not to. But in January 2014, when Audrey was eleven years old, Audrey's mother asked Audrey if anyone had touched her because Audrey was having a problem with itching in her private area. Audrey told her mother about the abuse. The next day, Audrey's mother reported the abuse to the police and took Audrey to Cook Children's Hospital. Audrey was later interviewed by a forensic interviewer with Alliance for Children and examined by a Sexual Assault Nurse Examiner.

In October 2014, Appellant was charged with eleven counts of continuous sexual abuse of Audrey. Appellant filed a motion to quash the indictment on the basis that section 21.02 of the penal code, the statute supporting his charge, was facially unconstitutional in violating the requirement of jury unanimity. The trial court denied the motion to quash.

A jury found Appellant guilty of continuous sexual assault of a child, and he was sentenced to life in prison.

---

[6]Audrey also testified that she saw Appellant "take empty cans like from Sprite or Coke and put spray paint in it and inhale the air from inside" and that Appellant told her he did that to get high.

## Discussion

### I. Denial of motion to quash

In his first point, Appellant argues that the trial court erred when it denied his motion to quash the indictment on the ground that section 21.02 of the penal code is facially unconstitutional.

We review a trial court's ruling on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *State v. Rosseau*, 396 S.W.3d 550, 555 n.6 (Tex. Crim. App. 2013). In order to prevail on a facial challenge to a statute, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *Id.* at 557.

Section 21.02 provides that a person commits the offense of continuous sexual abuse of a child if, during a period that is more than 30 days in duration, the person is 17 years of age or older and commits two or more acts of sexual abuse, and the victim is a child younger than 14. Tex. Penal Code Ann. § 21.02(b). "Acts of sexual abuse" include indecency with a child, sexual assault, and aggravated sexual assault. *Id.* § 21.02(c)(2)–(4). The statute also provides that "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." *Id.* § 21.02(d).

Texas courts, including this court, have upheld section 21.02's federal and state constitutionality and definitively ruled against Appellant's position.[7] *See Holton v. State*, 487 S.W.3d 600, 606–08 (Tex. App.—El Paso 2015, no pet.); *Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.); *Reckart v. State*, 323 S.W.3d 588, 601 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd), *cert. denied*, 562 U.S. 1243 (2011); *see also Macintosh v. State*, No. 02-13-00059-CR, 2014 WL 1087926, at *2 (Tex. App.—Fort Worth Mar. 20, 2014, pet. ref'd) (mem. op., not designated for publication) (collecting other cases). We have held that while jury unanimity is required in all criminal cases in Texas, *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011), and every juror must agree that "the defendant committed the same, single, specific criminal act," *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005), this does not mean that the "jury must unanimously find that the defendant committed that crime in one specific way," *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). A trial court may not submit "separate offenses" to the jury in the disjunctive, but a trial court may submit a disjunctive jury charge and obtain a general verdict when alternate theories or "manner and means" involve the commission of the "same offense." *Pollock*, 405 S.W.3d at 405 (quoting *Clement*

---

[7]Appellant acknowledges in his brief that this court has previously held that section 21.02 does not violate the requirement of jury unanimity and states that he has raised this issue in order to preserve it for further review.

5

*v. State*, 248 S.W.3d 791, 800 (Tex. App.—Fort Worth 2008, no pet.)). Therefore, we have held that section 21.02 does not violate the state constitutional right to jury unanimity because it does not allow jurors to convict on the basis of different elements. *Id.*

Appellant argues that the Texas appellate court opinions upholding the statute are flawed because each juror could disagree as to *which* two acts of abuse alleged actually occurred, "thus permitting a jury to find someone 'probably guilty'" of continuous sexual abuse. We do not find this argument persuasive. As we stated in *Pollock*, "The commission of two or more acts of sexual abuse over a specified time period—that is, *the pattern of behavior or the series of acts*—is the element as to which the jurors must be unanimous in order to convict." *Id.* (emphasis added); *see also Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469, at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication) (explaining that, unlike the case of the State charging two separate offenses in the disjunctive, section 21.02 "does not make each act a separate element but creates a single element, a 'series' of sexual abuse") (internal citations omitted). We therefore overrule Appellant's first point.

## II. Constitutionality of code provisions imposing court costs

In his second and third points, Appellant argues that two articles of the code of criminal procedure, 102.020(a)(1) and 102.0186, are unconstitutional. Article 102.020(a)(1) concerns costs related to DNA testing and requires the payment of $250 by a defendant convicted of certain offenses. Tex. Code Crim.

Proc. Ann. art. 102.020(a)(1) (West Supp. 2016). Article 102.0186 concerns costs related to certain sex-related convictions and requires the payment of $100 upon certain convictions. *Id.* art. 102.0186 (West Supp. 2016).

In his brief, Appellant acknowledges that the court of criminal appeals has held contrary to his argument in *Peraza v. State*, 467 S.W.3d 508, 521 (Tex. Crim. App. 2015), *cert. denied*, 126 S. Ct. 1188 (2016). In *Peraza*, the court of criminal appeals unanimously rejected its prior opinion in *Ex parte Carson*, the case upon which Appellant principally relies, as governing the constitutionality of court costs. 159 S.W.2d 126, 130 (Tex. Crim. App. 1942) (op. on reh'g), *overruled by Peraza*, 467 S.W.3d at 517. In doing so, the court of criminal appeals rejected *Carson*'s requirement that court costs must be "necessary" and "incidental" to the trial of a criminal case, recognizing that the criminal justice system has greatly evolved in the 73 years since *Carson* was decided. *Peraza*, 467 S.W.3d at 517. As the court noted,

> Our legislature has developed statutorily prescribed court costs with the intention of reimbursing the judicial system for costs incurred in the administration of the criminal justice system. To require such costs to be "necessary" or "incidental" to the trial of a criminal case in order to be constitutionally valid ignores the legitimacy of costs that, although not necessary to, or an incidental expense of, the actual trial of a criminal case, may nevertheless be directly related to the recoupment of costs of judicial resources expended in connection with the prosecution of criminal cases within our criminal justice system.

*Id.* Thus, so long as a statute provides for an allocation of court costs to be expended for "legitimate criminal justice purposes," then the statute will not be

7

held to be unconstitutional. *Id.* The court decided that allocations of funds collected pursuant to Article 102.020 allow for such funds to be expended for legitimate criminal justice purposes and as such do not operate as an unconstitutional tax. *Id.* at 521.

Despite Appellant's argument that *Peraza* was wrongly decided, we do not have discretion to reject the holdings of the court of criminal appeals. *See State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App.), *cert. denied*, 404 U.S. 910 (1971); *Crenshaw v. State*, 424 S.W.3d 753, 755 (Tex. App.—Fort Worth 2014, no pet.). We therefore overrule Appellant's second and third points. *See Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *4 (Tex. App.—Fort Worth July 21, 2016, no pet. h.) (mem. op., not designated for publication) (rejecting facial challenge to articles 102.020 and 102.0186 and argument that *Peraza* was wrongly decided).

## III. Constitutionality of Appellant's life sentence

Appellant's fourth point is initially broadly stated, "The sentence imposed on Appellant is violative of the Eighth Amendment prohibition against cruel and unusual sentences." However, Appellant's argument focuses on a challenge to the trial court's decision to overrule his objection to the jury charge on the basis that the statutory scheme disallowing parole eligibility is facially unconstitutional.

During the charge conference in the trial court, Appellant's counsel lodged a single objection to the charge:

> Judge, we object to the charge based on the charged offense and the range of punishment. The range of punishment in this case is 25 to life without the possibility of parole. You understand, we understand that's day for day.
>
> In comparison, the offense of murder if convicted carries a range of five years to 99 years or life. And it does include the possibility of parole after an individual has served half their sentence. When comparing those two, just as an example, the range of punishment for this offense violates the Eight Amendment to the US Constitution and its state analogs, and we would object to the charge based upon that argument.

Appellant did not object at the time he was sentenced or include his objection in his motion for new trial.

In his brief to this Court, Appellant refers us to his objection to the jury charge and argues that, because the jury charge authorized a punishment "which was more severe than that possible for a conviction for murder," the available punishment was disproportionate and a violation of the prohibition against cruel and unusual punishment. Appellant further argues that the "categorical denial" of parole permitted by section 508.145(a) of the government code is "disproportionate to any similar sentence that could be imposed for the more serious homicide offense of murder of a child, where the offender would be eligible for parole."

We interpret Appellant's complaint as a facial challenge to the constitutionality of section 508.145(a) of the government code. Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2016). At the time he made his objection to the jury charge, section 508.145 had not been applied to his detriment. By failing to

9

object to the sentence at the time it was applied at pronouncement or through his motion for new trial, Appellant has not preserved an objection to the application of section 508.145(a) against him—an "as applied" challenge to the constitutionality of the statute. *See, e.g.*, *Gillenwaters v. State*, 205 S.W.3d 534, 537–38 (Tex. Crim. App. 2006) (holding that appellant, who had preserved facial challenge to statute through motion to quash indictment, had also preserved an "as applied" challenge to statute through his motion for new trial).

To prevail on a facial challenge to a statute, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *Rosseau*, 396 S.W.3d at 557. Because of this, the court of criminal appeals has observed that "[a] facial challenge to a statute is the most difficult challenge to mount successfully." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). In analyzing a constitutional challenge to a statute, we begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). As the individual challenging the statute, it is Appellant's burden to establish its unconstitutionality. *State ex rel Lykos v. Fine*, 330 S.W.3d 904, 911 (Tex. Crim. App. 2011).

The offense of continuous sexual abuse of a child is a felony of the first degree, with a sentencing range of 25 to 99 years, or life. Tex. Penal Code Ann. § 21.02(h). Section 508.145 of the government code further provides that an inmate serving a sentence for the offense of continuous sexual abuse of a child

10

is not eligible for release on parole. Tex. Gov't Code Ann. § 508.145(a). But section 508.145 is not limited to life sentences, nor to the offense of continuous sexual abuse of a child. Section 508.145(a) provides:

> An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f)[8] of that section is not eligible for release on parole.

Thus, in order to successfully challenge section 508.145 as facially unconstitutional, Appellant would have to show that it is unconstitutional in its application to an inmate serving a death sentence, an inmate serving a sentence of life without parole, an inmate serving *any* sentence for continuous sexual abuse of a child—not just a life sentence, and an inmate serving *any* sentence for aggravated sexual assault of a child. *See Lykos,* 330 S.W.3d at 908 ("A party raising a facial challenge to the constitutionality of a statute must demonstrate that the statute operates unconstitutionally in all of its applications."). Appellant has not attempted to do that, instead limiting his argument to the situation in which an individual receives a life sentence for continuous sexual abuse of a child. We therefore overrule Appellant's fourth point.

---

[8]This is the offense of aggravated sexual assault committed against a child. Tex. Penal Code Ann. § 22.021(f) (West Supp. 2016).

**Conclusion**

Having overruled Appellant's points, we affirm the judgment of the trial court.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DAUPHINOT, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016