**MODIFY and AFFIRM; and Opinion Filed November 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00226-CR

**MATTHEW JOSEPH ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80447-2016**

# MEMORANDUM OPINION ON REHEARING

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

We deny both parties' motions for rehearing. On the Court's own motion, we withdraw our opinion of July 17, 2018, and we vacate the judgment of that date. This is now the opinion of the Court.

A jury convicted appellant of the offenses of continuous sexual abuse of a child under the age of fourteen, indecency with a child by sexual contact, and indecency with a child by exposure. The jury sentenced appellant to prison for thirty-five years for the continuous sexual abuse, five years for indecency by contact, and ten years for indecency by exposure. He argues that the evidence is legally insufficient to support his convictions. We affirm the trial court's judgment on appellant's convictions for continuous sexual abuse of a child and indecency by sexual contact. We reverse the trial court's judgment on his conviction for indecency by exposure.

*Continuous Sexual Abuse of a Child under 14*

In his first issue, appellant contends that the evidence was legally insufficient to support his conviction for continuous sexual abuse of a child under fourteen. To commit that offense, a person would have to engage in two or more acts of sexual abuse during a period of thirty days or more. TEX. PENAL CODE ANN. § 21.02(b)(1) (West Supp. 2017). Causing a child to touch a person's genitals over the person's clothing constitutes sexual abuse. *Id*. §§ 21.02(c)(2), 21.11 (a)(1), (c)(2). At trial, a child testified that appellant caused the child to touch appellant's genitals over appellant's clothing. The child also testified that this touching occurred when appellant was over seventeen and the child was under fourteen. Appellant argues that the evidence does not establish that he sexually abused the child more than once over a period of thirty days or longer.

At trial, a prosecutor asked the child "how many times or how often" the touching would occur, and the child responded, "like once or twice." When the prosecutor asked, "Once or twice how often?" the child said, "I don't know." From that testimony, it is unclear whether the touching occurred more than once. But the child's later testimony indicates that it did. For example, the child testified that, when the child moved out of state, the touching "would start happening more often." This indicates that the touching would happen often—more than once—in Texas, though not as often as it would elsewhere. And when the child was asked at trial whether, during the "times" the touching occurred once a month, the child was living in Texas and under the age of fourteen, the child answered, "Yes." The child consistently responded affirmatively to several other questions that referred to multiple incidents of touching during this period. Thus, the child's testimony supports the inference that the touching occurred more than once.

Appellant also argues that, even if the touching did happen more than once, it was just as likely to have occurred one or ten or fifteen days apart as thirty or more days apart. However, he does not explain how the record might support that inference.

At trial, the prosecutor asked whether the child had previously told anyone that the touching had occurred "about once a month." The child said "Yes." And when the prosecutor asked the child whether the touching occurred once a month in Texas, the child answered "Yes." The child also testified that the touching began in the middle of fourth grade, and the child's mother testified that the family moved out of state during the summer before the start of fifth grade. This testimony supports the inference that the touching occurred more than once, and that the multiple incidents of sexual abuse were spread over as few as two months and as many as eight or nine months, a period of about sixty days or more.

But the same testimony permits a different inference. The child might have been referring to just two acts of sexual abuse, the first occurring at the beginning of February and the second at the beginning of March—which is usually a period of twenty nine days. It is also possible that the first act of sexual abuse occurred at the end of one month and the second at the beginning of the next—a period of as few as two days. In either of these two scenarios, there would be multiple acts of sexual abuse that occurred over a period of fewer than thirty days. However, appellant does not argue that the sexual abuse occurred on February 1 or near the beginning or end of any other month. Nor is there any evidence that it did.

Accordingly, the evidence supports the inference that appellant sexually abused the child more than once over a period of thirty days or longer, but the evidence also permits the inference that appellant sexually abused the child more than once over a period of fewer than thirty days. When the record supports conflicting inferences, we must presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Jackson v. Virginia*, 443 U.S. 307,

319 (1979). The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We must review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The testimony of a child victim, standing alone, is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. art. 38.07 (West Supp. 2017); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). The State is not required to prove the exact dates of the period of abuse. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). In this case, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the relevant time period began around the middle of the 2008–2009 school year and extended into the summer of 2009, before the family moved to Oklahoma.

However, the State pleaded—and the jury was charged—that appellant committed continuous sexual abuse of a child "on or about" October 1, 2009 through August 15, 2012. In determining whether there was legally sufficient evidence that the offense was committed "on or about" that period, we are guided by long standing precedents of the Court of Criminal Appeals, which have explained that the phrase "on or about" refers to conduct that occurs before indictment and the expiration of the statute of limitations. *See, e.g.*, *Abston v. State*, 253 S.W.2d 41, 42 (Tex. Crim. App. 1952). A more recent opinion of the Court explains when and how we are to apply that definition. In *Mireles v. State*, 901 S.W.2d 460 (Tex. Crim. App. 1995), the Court of Criminal Appeals reviewed a case in which the indictment alleged the offense of indecency with a child by sexual contact "on or about" a certain date. *Id*. The record established multiple indecent contacts with the child, but it did not establish specific dates on which the contacts occurred. *Id*. The trial court's jury charge used the phrase "on or about," but did not define it. *Id*.

The court of appeals in *Mireles* had held that, absent an instruction defining "on or about," the phrase referred to the days surrounding a specific calendar date. *Id*. at 461. The court of appeals had acknowledged that the phrase is a legal term that refers to the limitations period, but it decided that a lay jury could not be expected to know the term's legal meaning. *Id*. at 459.

The Court of Criminal Appeals reversed the court of appeals. When the phrase "on or about" in the jury charge is arguably ambiguous, the Court of Criminal Appeals explained, it should be examined as part of the entire context of the trial. *Id*. (citing *Boyde v. California*, 494 U.S. 370 at 380–83 (1990)). The Court faulted the court of appeals for summarily dismissing evidence that the jury was told during voir dire and final argument, without objection by the defense, that "on or about" referred to the statute of limitations period. *Id*. at 460–61. The Court reasoned that the trial court's jury charge "did not prevent the jury from interpreting the term 'on or about' in a manner consistent with its legal meaning," *id*. at 460, which, the court noted, referred to the statute of limitations period, *id*. at 461. The Court concluded that the phrase referred to limitations rather than to the days surrounding a date. *Id*.

We begin our analysis as the Court of Criminal Appeals did in *Mireles*, by considering whether the jury charge in our case was arguably ambiguous. *Id*. at 460. The trial court's jury charge listed the dates and date ranges of the offenses charged in the indictment. The charge then explained that the "State is not required to prove that the alleged offenses happened between those exact dates, it being sufficient if such time is approximately accurate." The charge did not define the term "approximately accurate." It might have referred to days, weeks, or an even longer period surrounding a particular date. Accordingly, we conclude that the term "on or about" in the jury charge was arguably ambiguous.

Next, we consider the phrase in the context of the entire trial. *Id*. During voir dire, the State told potential jurors that they would be free to find appellant guilty even if his conduct occurred

outside the dates listed in the indictment, "as long as we prove that it happened before the case was indicted and there is no statute of limitations. . . ." The defense did not object to this. The State also called the dates in the indictment "just kind of suggestions, basically." During closing argument, the State explained that the dates in the indictment had little to do with what it had to prove and acknowledged that this might be hard for lay jurors to accept. "We don't have to prove a specific date to you. I put those dates in there. If you want to fault me, go right ahead." Appellant did not object to these arguments. In fact, appellant never made an argument to the jury regarding the meaning of the phrase "on or about." Nor did he argue how close in time to the time period pleaded—from October 1, 2009 through August 15, 2012—the multiple offenses had to occur in order for them to be committed "on or about" that period of time.

The record shows that the jury was told that the dates in the indictment were related to the statute of limitations. The record also shows that jurors were told nothing that would have prevented them from interpreting "on or about" to mean any time within the statute of limitations period. Therefore, the phrase "on or about" in the jury trial referred to limitations. The phrase would permit a conviction if the jury found appellant guilty of having committed the offense within the statute of limitations period. *Id*. There is no statute of limitations for the offense of continuous sexual abuse of a young child. TEX. CODE CRIM. PROC. art. 12.01(1)(D) (West Supp. 2017). Accordingly, the evidence supports the inference that this offense could have occurred as alleged in the indictment and the jury charge.

Viewing the evidence in the light most favorable to the verdict, *Jackson*, 443 U.S. at 319, and deferring to the jury's resolution of any conflicting inferences, we conclude there was legally sufficient evidence that appellant sexually abused the child more than once over a period of at least thirty days when appellant was over seventeen and the child was under fourteen. We overrule appellant's first issue.

*Indecency with a Child by Exposure*

In his second issue, appellant argues that the evidence was legally insufficient to support his conviction for indecency with a child by exposure. A person commits that offense if, with the intent to arouse or gratify the sexual desire of any person, he exposes his genitals knowing that a child under the age of seventeen is present. TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West Supp. 2017). As appellant notes, there is no evidence in the record that he exposed his genitals to the child. The State concedes that there is no evidence to support appellant's conviction for indecency with a child by exposure. Viewing the evidence in the light most favorable to the verdict, *Jackson*, 443 U.S. at 319, the evidence would not permit any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. We sustain appellant's second issue.

*Indecency with a Child by Sexual Contact*

In his third issue, appellant contends that the evidence was legally insufficient to support his conviction for indecency with a child by sexual contact. A person commits that offense if, with intent to arouse or gratify a person's sexual desire, he causes a child under seventeen to touch the person's genitals. TEX. PENAL CODE ANN. § 21.11(a)(1). Appellant argues that the State failed to prove that appellant committed that offense on or about the date alleged in the indictment.

Count VI of the indictment alleged that appellant committed the offense of indecency with a child by sexual contact. This count was part of a group of five counts—III through VII—that, the indictment alleged, addressed offenses that occurred "on or about the 25th day of September, 2009, in Collin County, Texas."

Appellant moved for directed verdicts on four of those five counts—III, IV, V, and VII—because, he says, the State failed to prove beyond a reasonable doubt that the offenses occurred in Texas. The trial court granted appellant's motions. Now, he contends that the evidence was legally

insufficient to support his conviction of Count VI because "Logic would require that the Court grant a directed verdict on each and every count sharing the date of offense of on or about September 25, 2009, which ought to have included Counts III, IV, V, VI, and VII of the Indictment."

But appellant did not move for a directed verdict on Count VI. And he does not attempt to explain how logic would require that the trial court grant a motion for directed verdict that he never made.

Nor does appellant point to any evidence that the trial court granted his motions on Counts III, IV, V, and VII on the grounds that he was not in Texas on September 25. When appellant's counsel moved for a directed verdict on Count III—the first of the five counts alleged to have occurred on September 25 in Texas—he said there was no evidence that the conduct addressed by that count occurred in Texas. The State then said it would abandon that count. The trial court responded, "All right. The motion is granted. So Count III by State's concession." This is evidence that the trial court granted the motion for directed verdict on that count because the State conceded, not because the trial court found that appellant was in another state on September 25. Nor does the record indicate that the trial court had a different reason for granting directed verdicts on the other three counts. The only evidence regarding the trial court's reason for granting appellant's motions for directed verdicts on Counts III, IV, V, and VII is that the State abandoned those counts.

Thus, there is no reason to conclude that the trial court would have granted a motion for directed verdict on Count VI, had appellant made one. Appellant presents no other argument regarding the sufficiency of the evidence on Count VI. He does not assert in his appellate brief that he was out of state on or about September 25, 2009. And he does not point us to any place in the record indicating that he might have been.

The State contends that there is sufficient evidence that appellant committed the offense of indecency with a child by sexual contact, as alleged in Count VI of the indictment. However, in support of that contention, the State points to evidence of an incident that occurred in 2011, after the child returned to Texas. Again, we must address whether the 2011 offense as it was proved at trial could have occurred as it was pleaded, "on or about" September 25, 2009. We have concluded that the term "on or about" in the jury charge was arguably ambiguous, and we have identified places in the record where the jury was told that the phrase relates to the issue of limitations. In addition to those instances, when addressing the offense set forth in Count 6 of the indictment, the State specifically told the jury that the law "allows you to base your verdict, even though it says 2009 in the charge for Count VI - - we know that it is when [the child] came back to Texas, which wasn't necessarily in 2009, but the law allows you the on or about date. . . ." Appellant did not object to this argument or make any argument of his own in regard to the role of the charged date for this offense. We conclude, as we did above, that the phrase "on or about" would permit a conviction for this offense if the jury found appellant guilty of having committed it within the statute of limitations period. *Mireles*, 901 S.W.2d at 461.

We review the evidence in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319. The child testified that appellant caused the child to touch appellant's genitals over appellant's clothing after the child returned to Texas, in December of the child's seventh grade year. Exhibits entered as evidence at trial show that this was in 2011, while the child was under seventeen years of age. Appellant's conduct constitutes the offense of indecency with a child by sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). There is no statute of limitations for this offense. TEX. CODE CRIM. PROC. art. 12.01(1)(E) (West Supp. 2017). Consequently, the child's testimony supports the inference that the 2011 incident the State identifies in its appellate brief could have occurred as alleged in Count VI of the indictment.

We stress, in the interest of clarity, that this 2011 offense of indecency with a child by contact occurred well outside the statutory period during which appellant committed continuous sexual abuse of a child, i.e., between the middle of the 2008–2009 school year and the summer of 2009. "[A] defendant may be convicted of both continuous sexual abuse of a child and an independent offense listed as a predicate offense in section 21.02(c) against the same child as long as they did not occur within the same time frame." *Aguilar v. State*, 547 S.W.3d 254, 262 (Tex. App.—San Antonio 2017, no pet.). Consequently, our affirming appellant's conviction for the indecency offense does not raise a double jeopardy concern.

Viewing the evidence in the light most favorable to the jury's verdict, *Jackson*, 443 U.S. at 319, we conclude that there is legally sufficient evidence that appellant committed the offense of indecency with a child by sexual contact as alleged in Count VI of the indictment. We overrule appellant's third issue.

We note, however, that the trial court's judgment of conviction for indecency with a child by contact states that the date of the offense was October 1, 2009. This Court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26 (Tex. Crim. App. 1993). We can correct and reform the judgment of the court below "to make the record speak the truth" when the necessary information is in the record before us. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment of conviction for indecency with a child by contact to state the date of offense as December 2011.

**Conclusion**

We affirm the trial court's judgment on appellant's conviction of continuous sexual abuse of a child, and we affirm, as modified, the judgment on his conviction of indecency with a child by sexual contact. We reverse the trial court's judgment on appellant's conviction of indecency with a child by exposure.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

170226F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MATTHEW JOSEPH ALLEN, Appellant

No. 05-17-00226-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80447-2016.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment of conviction for indecency with a child by contact to state the date of offense as December 2011.

We **AFFIRM** the trial court's judgment as **MODIFIED**.

Judgment entered this 20th day of November, 2018.