

# Fourth Court of Appeals
## San Antonio, Texas

October 1, 2020

No. 04-20-00231-CR

Eduardo A. **TREVINO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 1999CR6205
The Honorable Mark Luitjen, Judge Presiding

# O R D E R

Eduardo A. Trevino entered into a plea bargain with the State, pursuant to which he pled nolo contendere to the charged offense. In the plea agreement, Trevino agreed to the affirmative finding of "3G offense." The trial court imposed sentence on April 12, 2000, with an affirmative finding of "deadly weapon." Nearly two decades later, on February 26, 2020, the trial court signed a judgment nunc pro tunc to change the affirmative finding in the judgment from "deadly weapon" to "3G offense."

Trevino, proceeding pro se, now seeks to appeal from the judgment nunc pro tunc. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (holding that a judgment nunc pro tunc in a criminal case may be appealed and that appellate deadlines to perfect the appeal apply). Absent a timely filed motion for new trial, Trevino's notice of appeal was due on March 27, 2020. *See* TEX. R. APP. P. 26.2(a). On April 24, 2020, Trevino filed a notice of appeal.

A timely filed motion for new trial may extend the deadline to perfect an appeal to ninety days after the day sentence is imposed. *See id.* R. 26.2(a)(2). Thus, if Trevino timely filed a motion for new trial, his appeal may be timely. *See id.* The district court clerk's record, however, does not include a motion for new trial.[1]

---

[1] A deputy clerk of this court contacted the district court clerk and requested a supplemental clerk's record that includes all filings made after the trial court signed the February 26, 2020 judgment nunc pro tunc. The district court clerk filed the requested supplemental clerk's record with our court on September 24, 2020.

Trevino asserts in his notice of appeal that he timely filed a motion for new trial by delivering his motion to prison officials for mailing. He states that he addressed the envelope to the court coordinator assigned to the 144th Judicial District Court, Bexar County, Texas. By addressing the envelope to the court coordinator, rather than to the district court clerk, Trevino may not have "timely file[d] a motion for new trial." *See id.*[2]

The Texas Rules of Civil Procedure require Trevino to have addressed his envelope to the district court clerk in order to ensure the filing of his motion. Rule 21 of the Texas Rules of Civil Procedure provides:

> Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, *must be filed with the clerk of the court* in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

TEX. R. CIV. P. 21 (emphasis added). Rule 74 of the Texas Rules of Civil Procedure further provides:

> The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

*Id.* R. 74.

Rule 5 of the Texas Rules of Civil Procedure is the "prisoner mailbox rule." *See id.* R. 5; *Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010). It provides:

> If any document is *sent to the proper clerk* by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

TEX. R. CIV. P. 5 (emphasis added); *see Campbell*, 320 S.W.3d at 344 (construing Rule 5 to hold "that the pleadings of *pro se* inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk.").

---

[2] Trevino states that he addressed the envelope to the court coordinator to satisfy the presentment requirement of Rule 21.6 of the Texas Rules of Appellate Procedure. *See id.* R. 21.6 (requiring that a criminal defendant must present the motion for new trial to the trial court within ten days of filing it, with certain exceptions); *Aguilar v. State*, 547 S.W.3d 254, 266 (Tex. App.—San Antonio 2017, no pet.) ("[P]hysical presentment of the motion for new trial to the trial court coordinator satisfies the requirement [of Rule 21.6] of giving actual notice to the trial court."). While delivery of the motion for new trial to the court coordinator may satisfy the presentment requirement of Rule 21.6, we are not satisfied that it meets the requirement of Rule 26.2(a)(2) that a defendant "timely file[] a motion for new trial," so as to extend the deadline to file a notice of appeal. *Compare* TEX. R. APP. P. 21.6, *with* TEX. R. APP. P. 26.2(a)(2).

Here, because Trevino did not address his envelope to the district court clerk, his motion was not filed pursuant to Rule 21. *See* TEX. R. CIV. P. 21. It also appears that the trial court did not permit the papers to be filed with it under Rule 74 when it received the letter addressed to the court coordinator. *See id.* R. 74; *cf. In re Welvaert*, No. 10-19-00131-CV, 2019 WL 1966962, at *2 (Tex. App.—Waco May 1, 2019, no pet.) (holding a litigant did not show a clear abuse of discretion when a trial court judge did not rule on a motion that the litigant mailed to the judge but did not file with the clerk of court). Rule 5 does not apply because Trevino did not send his motion "to the proper clerk." *See* TEX. R. CIV. P. 5.[3] Therefore, it does not appear that Trevino "timely file[d] a motion for new trial," within the meaning of Rule 26.2(a)(2) of the Texas Rules of Appellate Procedure, so as to extend the deadline to file his notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2). If the deadline was not extended, Trevino's notice of appeal was untimely filed, and we lack jurisdiction. *See id.* R. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke a court of appeal's jurisdiction).

Accordingly, it is ORDERED that Trevino show cause in writing **within fourteen (14) days** from the date of this order stating why this appeal should not be dismissed for lack of jurisdiction. To avoid dismissal, Trevino's response must establish that his notice of appeal was timely filed. *See* TEX. R. APP. P. 26.2(a); *see also* TEX. R. APP. P. 37.1. If Trevino fails to satisfactorily respond within the time provided, this appeal will be dismissed.

All other appellate deadlines are SUSPENDED pending further order of this court.

Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of October, 2020.

MICHAEL A. CRUZ, Clerk of Court

---

[3] Under our analogous Rule 9.2(b) of the Texas Rules of Appellate Procedure, which is our appellate "prisoner mailbox rule," we have stated that an envelope "addressed to the trial judge . . . does not constitute a 'properly addressed' envelope 'sent to the proper clerk' in accordance with the plain language of Rule 9.2(b)." *Herrera v. State*, No. 04-19-00725-CR, 2020 WL 4219605, at *2 (Tex. App.—San Antonio July 22, 2020, no pet. h.).