

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00335-CR

Michael John **DINES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR5339
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Adrian A. Spears II, Justice

Delivered and Filed: July 23, 2025

AFFIRMED

A jury convicted appellant Michael John Dines of murder and sentenced him to life imprisonment. In two issues, Dines complains the trial court erred by failing to grant a hearing on his motion for new trial and by allowing the State's medical examiner to testify regarding an autopsy report he did not prepare. We affirm.

BACKGROUND

Dines was charged with the murder of Kerstin Marie Taylor. At trial, evidence was adduced that Dines approached a police officer in public and stated he had killed someone. Dines was transported to police headquarters, where he admitted to killing Taylor by shooting her.

At trial, the State called Dr. Timothy Fagen, who was employed with the Bexar County Medical Examiner's Office. Previously, Fagen had been the Chief Medical Examiner in Nueces County. Although he did not perform Taylor's autopsy or prepare the autopsy report himself, Dr. Fagen reviewed the report and affirmed that his opinions were derived from his review of the report. The State offered the report for admission into evidence, and defense counsel objected as follows: "Objection as to improper foundation, hearsay, and not best evidence. He can testify from the report, but I would object to the admission of the report." The trial court sustained the objection, stating: "Okay. So the objection to State's 39 [the autopsy report] is sustained. He can testify to his opinions." Later, the State offered the report again — this time as a business record. Defense counsel objected, and the trial court sustained the objection, stating: "[M]y rul[ing] on 39 remains the same. . . . That's a confrontation issue, State. You overcame the hearsay, not the confrontation." Fagen explained Taylor's injuries, and when the State attempted to use a diagram, defense counsel objected, arguing:

> The diagram is part of the autopsy. If he's about to just put it up on the screen for demonstrative purposes, I would object. The Court has ruled on this as not being admissible, and I would object to it. He can testify to it. I would object to it being shown to the jury. It's part and parcel of the entire autopsy report.

The trial court sustained defense counsel's objection, explaining:

> I understand. The problem with the [autopsy] report is that it's a confrontation issue. It's not an issue of hearsay; it is an issue of confrontation. They're entitled to cross-examine the preparer. I allowed him to testify because he's giving his own opinion. He's not repeating someone else's opinion. As long as he sticks to his

opinion, he could even draw you a brand-new diagram. But nothing in 39 is coming in.

Fagen continued his testimony and gave his opinion that the cause of Taylor's death was "a gunshot wound of the trunk."

A jury convicted Dines of murder and assessed his punishment at life imprisonment. On April 18, 2024, the trial court sentenced Dines accordingly. On May 6, 2024, Dines, acting *pro se*, filed a notice of appeal and requested the appointment of appellate counsel. On May 20, 2024, Dines, through his trial counsel, filed a motion for new trial, asserting that the State failed to provide Dines with information regarding "potential credibility issues" impacting Fagen. The motion asserts that defense counsel subpoenaed Nueces County and received information, reflected in attachments. Neither the motion nor the attachments were verified. One attachment is a letter from Nueces County's retired Chief Inspector General to the Nueces County Judge. In the letter, the retired Chief Inspector General alleges Fagen "has not been carrying his workload for nearly the entire time he has been at the office." On May 20, 2024, Dines, through trial counsel, also filed a "Notice of Intent to Introduce Business Records Through Affidavit," stating that, "[a]t the motion for new trial hearing," Dines intended to introduce business records from Nueces County. The clerk's record does not reflect that Dines took further steps to bring either the motion or the notice to the trial court's attention or to set Dines's motion for new trial for a hearing.

The reporter's record for this appeal includes only a single volume of post-trial proceedings. This volume transcribes a hearing held on June 13, 2024, on Dines's request for appellate counsel. After the trial court authorized the appointment of new appellate counsel, the following exchange occurred:

> [DINES'S TRIAL COUNSEL]: For purposes of the motion for new trial, is that new lawyer going to come in and do the motion for new trial, or are we going to stay?

THE COURT: I have had no motion for new trial; and, as you know, they are overruled by operation of law if I don't rule on it before the 75 days.

[DINES'S TRIAL COUNSEL]: We just requested a hearing. So I just haven't been told one way or the other if you're going to give us a hearing, and I've been trying to find that out for the purposes of the investigator.

THE COURT: So if I grant a hearing, you will be properly notified.

There is no reference to Dines's motion for new trial in the appellate record after June 13, 2024.

Dines timely appealed. In two issues he argues the trial court erred by failing to hold a hearing on his motion for new trial and that Fagen's testimony violated Dines's Sixth Amendment right to confront the witness against him.

MOTION FOR NEW TRIAL

In his first issue, Dines argues that the trial court erred by failing to grant a hearing on his motion for new trial "since the defense established that new evidence was obtained and said evidence discredited the State's medical examiner." The State argues that Dines failed to preserve error because he did not timely present his motion to the trial court or support his motion with a sufficient affidavit. Further, the State argues that Dines has not established harm, even if error were preserved. We hold the matter was not preserved based on Dines's failure to timely present his motion for new trial to the trial court.

Generally, a trial court should hold a hearing if a motion for new trial and accompanying affidavit raise matters that are not determinable from the record that could entitle the accused to relief. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). However, "[t]he right to a hearing on a motion for new trial is not absolute," and "a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it." *Id.* The requirement for presentment is stated in Texas Rule of

Appellate Procedure 21.6: "The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court."  TEX. R. APP. P. 21.6; *see Carranza v. State*, 960 S.W.2d 76, 77 (Tex. Crim. App. 1998) (tracing former Rule 31(c)(1)'s development).  The purpose of presentment is to put the trial judge on actual notice that the defendant desires the judge to take some action, such as making a ruling or holding a hearing, on his motion for new trial.  *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009).  "'Presentment' must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date."  *Id.*  "Merely filing the motion [for new trial] is not sufficient alone to show presentment."  *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009).

Here, the record shows Dines timely filed his motion for a new trial on May 20, 2024.  *See* TEX. R. APP. P. 4.1(a); 21.4(a).  However, it was not until June 13, 2024 – twenty four days later — that the record shows any presentment of the motion to the trial court.[1]  On that date, at the appointment-of-counsel hearing, Dines's trial attorney notified the trial court that Dines had "just requested a hearing" and inquired whether trial or appellate counsel would "do the motion."  The trial court responded: "I have had no motion for new trial."  Because the record reflects that presentment occurred more than ten days after Dines filed his motion for new trial, presentment was untimely unless the trial court, exercising its discretion, permitted the motion to be presented

---

[1] Dines asserts presentment but does not argue how presentment is shown on the record.  The State asserts in its brief: "The only portion of the record that could arguably be a presentment of a motion for new trial is the June 13th hearing." We assume without deciding that presentment occurred on June 13, 2024.  There is no docket-sheet entry or other official notation showing any arguable presentment prior to June 13, 2024.  *See Gardner*, 306 S.W.3d at 305 (listing various proofs of presentment); *see also Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014) (concluding boiler plate language in motion for new trial's prayer was not sufficient to put trial court on notice that defendant wanted a hearing).

and heard within seventy five days from the imposition of sentence. *See* TEX. R. APP. P. 21.6. However, nothing in the record reflects that the trial court did so. *Cf. Green v. State*, 264 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (explaining presentment is satisfied when a trial court rules on a motion for a new trial within the seventy five day period) (citing *Musgrove v. State*, 960 S.W.2d 74, 76 n.2 (Tex. Crim. App. 1998)). The record shows the trial court left the matter open, stating: "So if I grant a hearing, you will be properly notified." Ultimately, the trial court did not hear Dines's motion for new trial. Seventy five days after sentence was imposed, the motion was deemed denied by operation of law. *See* TEX. R. APP. P. 21.8(c).

Because the record does not show that Dines timely presented his motion for new trial, as required by Rule 21.6, his issue regarding the trial court's failure to hold a hearing was not preserved. *See Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014) (holding appellant did not preserve error where "[t]he record contains no evidence that the appellant or his attorney took steps to obtain a setting [on a motion for new trial] or attempted to get a ruling on a request for a hearing."); *Aguilar v. State*, 547 S.W.3d 254, 265–66, 265 n.3 (Tex. App.—San Antonio 2017, no pet.) (overruling issue regarding failure to hold motion-for-new-trial hearing where defendant failed to timely present motion to trial judge and defense counsel's visit with the trial judge "f[ell] well outside the ten-day period for presentment"); *Nixon v. State*, No. 05-14-01627-CR, 2015 WL 5786580, at *2 (Tex. App.—Dallas Oct. 5, 2015, pet. ref'd) (mem. op., not designated for publication) (overruling issue that trial court abused its discretion by not holding hearing where motion for new trial was first brought to the trial court's attention sixty eight days after sentence was imposed). Therefore, we overrule Dines' first issue based on his failure to timely present his motion for new trial and do not reach the State's alternative arguments. *See* TEX. R. APP. P. 47.1;

*Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam) ("[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits.").

**CONFRONTATION**

In his second issue, Dines argues that his Sixth Amendment right to confrontation was violated when Fagen testified regarding an autopsy report prepared by others. *See* U.S. CONST. amends. VI, XIV. As with Dines's first issue, the State responds that the issue was not preserved and that, even if it were, any error was harmless.

To preserve a complaint for appellate review, the complaining party must present a timely request, objection, or motion to the trial court which states the specific grounds for the desired ruling unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A); *see Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). Further, the complaint and arguments raised on appeal must comport with the objection made at trial. *Yazdchi*, 428 S.W.3d at 844. To make this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). "Confrontation Clause claims are subject to this preservation requirement." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010).

As recounted above, the autopsy report was offered into evidence, and defense counsel objected: "Objection as to improper foundation, hearsay, and not best evidence. *He can testify from the report*, but I would object to the admission of the report." (emphasis added). The trial court sustained the objection. Later, the parties and the trial court made statements suggesting a shared understanding that the autopsy report would not come into evidence, but that Fagen could testify about his opinions formed after reviewing the report. When the State sought to use a diagram, defense counsel stated:

> The diagram is part of the autopsy. If he's about to just put it up on the screen for demonstrative purposes, I would object. The Court has ruled on this as not being admissible, and I would object to it. *He can testify to it.* I would object to it being shown to the jury. It's part and parcel of the entire autopsy report.

(emphasis added). Twice the trial court noted a potential confrontation issue. First, after the State tried to offer the autopsy report as a business record and again when refusing the demonstrative. The second time, the trial court explained the distinction between the autopsy report and Fagen's testimony: "The problem with the [autopsy] report is that it's a confrontation issue. . . . I allowed [Fagen] to testify because he's giving his own opinion. He's not repeating someone else's opinion." Even after the trial court raised the issue of confrontation, defense counsel never objected to Fagen's testimony on confrontation grounds.

On this record, defense counsel limited her objection to the admission of the autopsy report and never objected to Fagen's testimony on confrontation grounds. Therefore, we overrule Dines's second issue because it was not preserved. *See* TEX. R. APP. P. 33.1(a); *Davis*, 313 S.W.3d at 347; *see also* TEX. R. APP. P. 47.1; *Obella*, 532 S.W.3d at 407.

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

- 8 -